## Freed *v.* Standard Scale and Supply Company, Appellant.

*Negligence—Master and servant—Act of May 2, 1905, P. L. 352
—Evidence—Case for jury.*

In an action against an employer to recover damages for injuries to an employee who came in contact with an unguarded
circular saw, evidence to show the practicability of attaching a
guard to the saw without rendering it useless for defendant's purposes was properly admitted and the court made no error in allowing the jury to determine whether defendant had complied
with the Act of May 2, 1905, P. L. 352, Sec. 11, requiring all saws
to be properly guarded, and a verdict and judgment for plaintiff
were sustained.

Argued Oct. 15, 1915. Appeal, No. 69, Oct. T., 1915,
by defendant, from judgment of C. P. Allegheny Co.,

April T., 1913, No. 1408, on verdict for plaintiff, in case of George E. Freed v. Standard Scale and Supply Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries.

FRAZER, P. J., filed the following opinion sur defendant's motion for a new trial and for judgment n. o. v.:

Plaintiff was an employee of defendant company at its works at Morado, Beaver County, Pa., and while engaged in his employment his right hand was injured by coming into contact with a circular saw to such an extent as to require the amputation of the first two fingers and causing serious injury to the third. Plaintiff's contention is that defendant failed to properly guard the saw, and to recover damages for the injuries sustained this action was brought, and a verdict rendered in favor of plaintiff. The reasons filed in support of these motions are too numerous to discuss in detail. In substance, one class relates to the question of defendant's negligence and plaintiff's contributory negligence, and the other to our ruling on the admissibility of certain testimony. Defendant's negligence depends upon whether or not it complied with the Factory Act of May 2, 1905, P. L. 352, Sec. 11, which requires, inter alia, all saws to be properly guarded. Whether the saw which caused plaintiff's injury was sufficiently guarded, or capable of being guarded and used for its intended purpose, were disputed questions of fact, and therefore for the jury: Wagner v. Standard Sanitary Manfg. Co., 244 Pa. 310. Upon an examination of our charge and answer to defendant's points, in connection with the very elaborate brief of defendant's counsel, we have not been convinced that our instructions to the jury were either erroneous or prejudicial to defendant. On the contrary, the instructions were fully as fair to defendant as it was entitled to have them, not only on the questions of negligence and contributory negligence, but also the measure

Opinion of Court below—Opinion of the Court. [251 Pa.

of damages.   The exceptions to our rulings on the admissibility of testimony, in our opinion are without merit.   The testimony objected to related to the practicability of attaching a guard to the saw in question without rendering it useless for defendant's purposes. It was, consequently, in our opinion, properly admitted. The verdict is not excessive.   Plaintiff's hand is badly crippled, so much so that he is prevented from following his trade as a moulder, and is obliged to seek employment that is much less remunerative.   Higher verdicts for almost similar injuries have been sustained by the courts.   We have not been convinced that either motion should be sustained.

Verdict for plaintiff for $3,109.20 and judgment thereon.   Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*J. Merrill Wright,* with him *Albert B. Schultz,* for appellant.

*H. Fred Mercer,* with him *Roger Cope,* for appellee.

PER CURIAM, January 3, 1916:

This judgment is affirmed on the opinion of the court below, denying the motions for a new trial and judgment non obstante veredicto.